UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**SAKEENA BARRETT**, individually,
and on behalf of others similarly situated,

Plaintiff,

vs.

**NORTHSHORE UNIVERSITY
HEALTHSYSTEM**,

Defendant.

Case No. 1:17-cv-09088

Honorable Mary M. Rowland

---

## ORDER FOR PRELIMINARY APPROVAL OF SETTLEMENT

THIS CAUSE, having come before the Court on the joint motion of plaintiff Sakeena Barrett ("Plaintiff"), and defendant NorthShore University HealthSystem ("NorthShore"), for preliminary approval of the parties' proposed settlement and conditional certification of a settlement class in this action; approval of the notice of the settlement given by NorthShore pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1711 *et seq.* ("CAFA"); approval of the notice of settlement packet to be sent to all class members; and the setting of a hearing on final approval of the settlement.

The Court, having read and considered the papers on the motion, the arguments of counsel, if applicable, and the law, and good cause appearing therefore,

IT IS ORDERED:

1. The parties' Settlement Agreement (the "Settlement") is preliminarily approved as it meets the criteria for preliminary settlement approval. The Settlement appears to be the product of arms-length and informed negotiations and falls within the range of possible approval as fair, adequate, and reasonable. Furthermore, the settlement treats all Class Members fairly.

2. The parties' proposed notice plan is constitutionally sound because individual notices will be mailed to all Class Members whose identities are known to the parties, and such

notice is the best notice practicable. The parties' proposed Notice of Proposed Class Action Settlement and Final Approval Hearing (Settlement Agreement, Ex. A), proposed form of Class Member Information Sheet (Settlement Agreement, Ex. B), and Election Not to Participate in Settlement ( Ex. C) (collectively the "Notice Packet") are sufficient to inform Class Members of the terms of the Settlement, their rights under the Settlement, their rights to object to the Settlement, their right to receive a Settlement Share or opt out of the Settlement and the processes for doing so, and the date and location of the final approval hearing, and are therefore approved.

3.     The proposed settlement class satisfies the requirements of a settlement class because the Class Members are readily ascertainable from payroll records and a well-defined community of interest exists in the questions of law and fact affecting the parties. The following persons are conditionally certified as Class Members solely for the purpose of entering a settlement in this matter:

> All current and former hourly Patient Access Representatives I, Patient Access Representatives II, and Patient Access Specialists employed by Defendant from any time from December 18, 2014 to December 2, 2019.

4.     Plaintiff Sakeena Barrett is appointed as the Class Representative.

5.     Jason T. Brown and Nicholas Conlon of Brown LLC, and Matthew L. Turner and Charles R. Ash, IV of Sommers Schwartz P.C. are appointed as Class Counsel.

6.     Simpluris, Inc. is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Settlement.

7.     The Notice Packet shall be disseminated according to the notice plan described in the Settlement Agreement and substantially in the form submitted by the parties. Proof of distribution of notice shall be filed by the parties at or prior to the final approval hearing.

8.     NorthShore is directed to provide the Settlement Administrator no later than March 30, 2020 the Class Members' data, as specified by the Settlement Agreement.

9.      The Settlement Administrator is directed to mail the approved Notice Packet by first-class mail and e-mail to the Class Members no later than April 14, 2020, as specified by the Settlement Agreement.

10.     Defendant shall also provide the funds for the settlement agreement to the settlement administrator no later than April 14, 2020.

11.     Any Class Member who wishes to object to any term of the Settlement must submit his or her objection to the Settlement Administrator, postmarked no later than May 21, 2020. The objection shall indicate whether the Class Member intends to appear at the final approval hearing.

12.     Any Class Member may exclude himself or herself from the Settlement by submitting an Election Not to Participate in Settlement, postmarked no later than May 14, 2020, pursuant to the procedures set forth in the Notice Packet.

13.     Class Members whose Settlement Shares amount to at least $5.00 will receive a Settlement Share unless they timely opt out of the Settlement according to the procedures outlined in the Notice Packet.

14.     Class Members who cash their Settlement Share checks will be deemed to have consented to join the collective action pursuant to section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA") and to have released any and all claims under the FLSA within the scope of the release set forth in section IV.4(A) of the Settlement.

15.     Class Counsel shall file with the Court no later than ten (10) days before the final approval hearing a Motion for Final Approval of this Settlement and Plaintiff's Petition for Approval of Attorneys' Fees, Litigation and Administrative Costs, and Incentive Award.

16.     A final hearing will be held on May 28, 2020, at 10:00 a.m., to determine whether the Settlement should be granted final approval as fair, reasonable, and adequate as to the Class Members. The Court will hear all evidence and argument necessary to evaluate the Settlement, and will consider Plaintiff and Class Counsel's requests for an Approval of Attorneys' Fees, Litigation and Administrative Costs, and Incentive Award. Class Members and their counsel may support or oppose the Settlement and the motion for Approval of Attorneys' Fees, Litigation and

3

Administrative Costs, and Incentive Award, if they so desire, as set forth in the Notice Packet. Any Class Member may appear at the final approval hearing in person or by his or her own attorney and show cause why the Court should not approve the Settlement, or object to the motion for awards of Attorneys' Fees, Litigation and Administrative Costs, and Incentive Award, as set forth in the Notice Packet.

17. The Court reserves the right to continue the date of the final approval hearing without further notice to Class Members. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

**IT IS SO ORDERED.**

This 28th day of February, 2020.

_____
Mary M. Rowland
United States District Judge